Commonwealth *v.* Paolini, Appellant.

Argued April 22, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Frank J. Lagorio,* for appellant.

*H. R. Phillips,* Assistant District Attorney, and with him *Samuel H. Gardner,* District Attorney, for appellee.

OPINION BY LINN, J., July 2, 1929:

Appellant, employed in Berardini's private bank, was charged in a number of counts with embezzlement and in other counts with making false entries. The indictment occupies many pages of the record and is drawn under the Act of April 23, 1909, P. L. 169, making it a misdemeanor for any "teller, bookkeeper, clerk, employee or agent of any ........ private bank ...... receiving deposits of money ...... [to] embezzle ...... or [to] make any false entry in any book, report or statement of such institution with intent in either case to injure or defraud such institution ........ or to deceive any officer of such institution; or any bank examiner or other person legally authorized to examine the affairs of any such institution ........"

The jury acquitted on the counts charging embezzlement and found defendant guilty on the counts charging that he made false entries. The single question brought up is thus stated by appellant "Was there sufficient legal evidence adduced at trial to sustain a verdict of guilty?" The only assignments of error are 1, to the refusal to direct the jury to acquit; 2, to the refusal to grant a new trial; 3, to the sentence.

The sentence is authorized by the statute and was no more than might have been imposed for conviction of any one of the counts charging false entry. No abuse of discretion in refusing a new trial is suggested; there is ample evidence, if believed, to sustain a verdict of guilty; all the assignments are therefore overruled.

We have carefully considered the evidence generally, and particularly in the light of appellant's brief and

the oral argument made on his behalf. He had been employed for some 17 years in the Pittsburgh branch of the bank. The main office of the bank was in New York. It did not maintain checking accounts, but received deposits and paid withdrawals. Appellant is described as assistant cashier or assistant manager, his superior being Joseph Berardini. By its system of keeping accounts, the evidence shows, at the close of each day's business, a report on a sheet prepared for the purpose and prepared so that it would show the details of the banking transactions for the day, was made out and certified as correct by appellant and Joseph Berardini and was sent to the New York office. A duplicate of that sheet was kept at the Pittsburgh office. The entries on this sheet kept in New York, if properly made, would therefore agree with the records maintained in the Pittsburgh branch, showing the receipt of cash, payment of withdrawals, cash on hand, and the pass-books of depositors and their receipts for withdrawals. The evidence is that some of these daily records of the Pittsburgh branch did not so agree; they, or at least those about which there was evidence, were in appellant's handwriting. The evidence, for example, showed that he received a deposit of—say $50—and credited that amount on the depositor's book, adding his initials A. P. to show that he received the cash. Such deposits of cash were not always shown on the daily report to New York, though he made the entries on it and certified them to be correct. An examination of the bank's affairs disclosed discrepancies in the record aggregating over $19,000 against the bank. Several witnesses testified that appellant was confronted with some of these reports, that he admitted that erasures in his handwriting on reports sent to the New York office were made by him, but that he neither explained nor accounted for them. A number of specific instances were given

by witnesses who referred to entries which did not correspond with the facts proved as they should have been recorded. In one instance a withdrawal of $40 at Pittsburgh was entered by him on the New York report as $140. The defendant himself did not take the stand. The evidence was submitted to the jury in a charge of which no complaint is made.

The judgment is affirmed, and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.